UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRUCE PATRICK HANEY,** | ) Case No. LA CV 17-05040 VBF-JC |
| Petitioner, | ) **ORDER** |
| v. | ) **Summarily Dismissing Habeas Petition** |
| W.L. MUNIZ, Warden. | ) **Denying a Certificate of Appealability** and Advising Petitioner that He May Seek a COA from the Ninth Circuit |
| Respondent, | ) |

On June 21, 2017, California state prisoner Bruce Patrick Haney ("petitioner"), proceeding *pro se*, signed a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. Section 2254 ("Pet"), claiming that he is entitled to be resentenced in L.A. County Superior Court Case No. LA079912 ("the state case") based upon the initiative known as California Proposition 57. Haney's habeas petition was docketed on July 10, 2017.

Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that a habeas corpus petition "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears from the petition that petitioner is not entitled to the relief he seeks because his state-law claim is not cognizable on federal habeas review. Therefore, the Court will dismiss his petition with prejudice. Because reasonable jurists could not disagree with this disposition, the Court will

deny a certificate of appealability ("COA") and advise petitioner that he may still seek a COA from the U.S. Court of Appeals for the Ninth Circuit.[1]

**BACKGROUND.** On March 24, 2015, a Los Angeles County Superior Court jury found petitioner guilty of attempted voluntary manslaughter (Cal. Penal Code ("CPC")§§ 664, 192(a)) and assault with a deadly weapon (CPC § 245(a)(1)) in the State Case. (CT 135-36, 181-85; LD 5). The jury also found true allegations that petitioner inflicted great bodily injury on the victim (CPC § 12022.7(a)) ("GBI Enhancement(s)") in the commission of both such offenses. (CT 135-36, 181-85; LD 5). Petitioner admitted having suffered a prior residential burglary conviction (Cal. Penal Code § 459) which constituted a serious felony pursuant to CPC § 667(a) ("Prior Serious Felony Enhancement") and a serious and/or violent felony pursuant to CPC section 667(d)) ("Strike") under California's Three Strikes Law (CPC §§ 667(b)-(i), 1170.12(a)-(d)). (CT 181-85; RT 3302-04).

---

[1] Petitioner has another pending federal habeas action challenging the judgment in the State Case, *Haney v. Munoz*, Case No. LA CV 16-09388-VBF(JC) ("First Federal Action"). This Court takes judicial notice of the state-court records lodged in the First Federal Action ("LD"), which include the Clerk's Transcript ("CT") and Reporter's Transcript ("RT"). *See* Fed. R. Evid. 201; *Harris v. County of Orange,* 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts).

The Court has considered whether it should construe the Petition as a motion to amend the First Federal Petition under *Woods v. Carey*, 525 F.3d 886, 888-90 (9th Cir. 2008)

Scrutiny of the instant petition, however, shows that it does not challenge the judgment that is the subject of the First Federal Action, but merely challenges the denial of his resentencing petitions under a new state law. *Cf. Magwood v. Patterson*, 561 U.S. 320 (2010) (holding that the rule prohibiting second-or-successive habeas claims does not apply to a claim challenging for the first time a new judgment imposed after resentencing); *Benson v. Chappell*, 2014 WL 6389443, *3-*4 (C.D. Cal. Nov. 13, 2014) (Terry Hatter Jr., J.) (petition challenging denial of request for resentencing under Prop. 36 not barred as successive), *COA denied*, No. 14-56958 (9th Cir. July 9, 2015); *Johnson v. Davis*, 2014 WL 2586883, *2 (C.D. Cal. June 9, 2014) (James Selna, J.) (same), *COA denied*, No. 14-56042 (9th Cir. Dec. 9, 2014). In any event, the Court's separate consideration of the instant petition prejudices no party substantively or procedurally.

On April 28, 2015, the trial court sentenced petitioner to 19 years in state prison consisting of a base upper-term sentence of 5 1/2 years on the attempted manslaughter, doubled to 11 years due to the Strike, plus 3 years on the GBI Enhancement and 5 years on the Prior Serious Felony Enhancement. (CT 181-85; RT 3315-16; LD 5). The court stayed the sentences on the assault and the corresponding enhancements. (RT 3316; LD 5).

On November 8, 2016, the voters approved The Public Safety and Rehabilitation Act of 2016 – Proposition ("Prop") 57 – and it took effect the next day. *People v. Marquez*, 11 Cal. App. 5th 816, 821, 217 Cal. Rptr.3d 814 (Cal. App. 2017); Cal. Const., Art. II, § 10(a).

**Prop 57 amended the California Constitution to add Section 32 to Article I, making nonviolent adult offenders "eligible for parole consideration after completing the full term for [their] primary offense[s]."** Cal. Const. art. I, § 32(a)(1). "Primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1)(A).

Section 32 directs the Department of Corrections to adopt regulations in furtherance of its provisions. Cal. Const., art. I, § 32(b). On April 13, 2017, temporary emergency regulations went into effect that, *inter alia*, provided for the referral of eligible inmates to the Board of Parole Hearings for Nonviolent Offender Parole Consideration, and the release of inmates approved for nonviolent-offender parole. Cal. Code Regs., tit. 15, §§ 2449.1-2449.5, 3490-93.

On February 22, 2017, petitioner filed a habeas petition in L.A. County Superior Court seeking resentencing based upon Proposition 57. *See* Pet at 3-4, 14. On February 24, 2017, the Superior Court dismissed the petition, stating: "Proposition [57] only provides an inmate who has completed his base term with a hearing before the Board of Parole Hearings (Cal. Const. Art. I, Sec. 32(a)). There is no resentencing option in the Superior Court." (Pet at 4, 14-15).

On March 13, 2017, petitioner filed a habeas petition in the California Court of Appeal, seeking resentencing based upon Prop 57. On March 22, 2017, the Court of Appeal denied it without comment. (Pet at 4 and 16). On June 14, 2017, petitioner filed a habeas petition in the California Supreme Court, seeking resentencing based upon Prop 57. On June 14, 2017, the California Supreme Court denied the petition without comment. (Pet at 4, 5, and 17). This federal petition followed.

**ANALYSIS.** Petitioner claims that he is entitled to be resentenced in the State Case based upon Prop 57. He essentially contends that the state courts misinterpreted Prop 57, that Prop 57 "eliminate[s] all sentencing enhancements imposed on [petitioner] at sentencing[,]" and that he should be resentenced to 5 ½ years – the base upper term on the attempted manslaughter before it was doubled based upon the Strike and enhanced based upon the GBI and Prior Serious Felony. (Pet at 6-9).

**Petitioner's claim is not cognizable on federal habeas review as it asserts only a violation or misinterpretation of state law, and it is well-settled that federal habeas relief is available only to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States."** 28 U.S.C. §§ 2241, 2254; *see also Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859 (2011) (per curiam) ("'We have stated many times that federal habeas corpus relief does not lie for errors of state law.'") (citation omitted); *Wilson v. Corcoran*, 562 U.S. 1, 5, 131 S. Ct. 13 (2010) (per curiam) ("[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts.") (emphasis original); *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S. Ct. 475 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (citation and internal quotation marks omitted); *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092 (1990) (a claim that a court misapplied state law to the facts of the case is not cognizable on federal habeas review). *See, e.g., Vardazaryan v. Chavez*, 2015 WL 4307035, *6 n.5 (C.D. Cal. July 14, 2015) ("To the extent that Petitioner is alleging

4

that the trial court did not properly apply state law when it denied Petitioner's motion for a new trial, Petitioner's claim involves the application and/or interpretation of state law and consequently is not cognizable on federal habeas review.") (citing, *inter alia*, 28 U.S.C. § 2254(a) and *Smith v. Philips*, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution.")); *Rice v. Spearman*, 2015 WL 1097331, *4 (C.D. Cal. Mar. 9, 2015) (George King, C.J.) ("To the extent petitioner seeks habeas relief on the ground that he was wrongly denied a sentence reduction under Cal[.] Penal Code § 1170.126, his claim is not cognizable."); *Parker v. Bobby*, 2007 WL 3340047, *7-10 (N.D. Ohio Nov. 6, 2007).

**State courts "are the ultimate expositors of state law."** *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S. Ct. 1881 (1975). "We will 'follow the decision of the intermediate appellate courts of the State unless there is convincing evidence that the highest court of the state would decide differently.'" *Lone Star Security & Video, Inc. v. City of Los Angeles*, 827 F.3d 1192, 1199 (9th Cir. 2016) ("*Lone Star Security*") (quoting *In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) (quoting *Owen v. US*, 713 F.2d 1461, 1464 (9th Cir. 1983))).

**This Court will not review a state court's interpretation of its own State's law unless that interpretation "is clearly untenable and amounts to a subterfuge to avoid federal review of a deprivation by the state of the rights guaranteed by the Constitution."** *Lone Star Security*, 827 F.3d at 1199 (citing *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1399 (9th Cir. 1989)); *see also Knapp v. Cardwell*, 667 F.2d 1253, 1260 (9th Cir. 1982). Petitioner Haney has not presented any evidence, let alone convincing evidence, that the California Supreme Court would interpret Prop 57 differently than the lower courts of California have interpreted it. Nor has petitioner otherwise shown that the state courts' interpretation of Prop 57 is clearly untenable. Indeed, this Court agrees with the Superior Court that Proposition 57 did not eliminate enhancements or entitle a qualifying inmate to resentencing or

immediate release. Instead, it merely made qualifying inmates eligible for parole consideration after completion of the full term for their primary offenses. This Court need not and has not determined whether petitioner is such a qualifying inmate.

## PETITIONER HAS NOT SHOWN ENTITLEMENT TO A COA

"Unless a circuit justice or [district] judge issues a certificate of appealability , an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court." 28 U.S.C. § 2253(c)(1)(A). *See, e.g., Bryant v. McDonald*, 586 F. App'x 290, 291 n.10 (9th Cir. 2014) ("We decline to consider Bryant's claim of cumulative error[,] for which no certificate of appealability issued.") (citing *Rhoades v. Henry*, 598 F.3d 511, 515 n.6 (9th Cir. 2010)), *cert. denied*, – U.S. –, 135 S. Ct. 2058 (2015); *see also* 9th Cir. R. 22-1(e) (appellants "shall brief only issues certified by the district court or the court of appeals") and 9th Cir. R. 22-1(f) (appellees "need not respond to any uncertified issues").

The district court must issue or deny a COA when it enters a final order adverse to the applicant, *see* Rule 11(a) of Rules Governing Sec. 2254 Cases in U.S. District Courts, and a district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Zepeda v. US*, 2017 WL 306300, *4 (C.D. Cal. Jan. 27, 2017) (citing, *inter alia*, *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)).

Notwithstanding one panel's dictum that the "substantial showing" standard for a COA is "relatively low", *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002)), in practice "[i]t is a 'rare step' for a district court to issue a COA," *McDaniels v. McGrew*, 2013 WL 4040058, *3 (C.D. Cal. Aug. 8, 2013) (quoting *Murden v. Artuz*, 497 F.3d 178, 199 (2d Cir. 2007) (Hall, J., concurring in judgment)); *accord Singh v. US*, 2015 WL 350790,*6 (E.D. Cal. Jan. 23, 2015) (Ishii, Sr. J.) ("The issuance of a COA is 'a rare step.'") (likewise quoting *Murden* concurrence).

**A COA may issue "only if the prisoner shows, at least, that jurists of**

**reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."** *Juarez v. Katavich*, 2016 WL 2908238, *2 (C.D. Cal. May 17, 2016) (quoting *Slack v. McDaniel*, 529 U.S. 473 484, 120 S. Ct. 1595 (2000), and citing 28 U.S.C. § 2253(c)(2) and Fed. R. App. P. 22(b)(1)).

**The Court is mindful that it "must resolve doubts about the propriety of a COA in the petitioner's favor."** *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc)), **but no such doubt exists here.** Petitioner has not borne his burden of showing that other reasonable jurists might find the California state courts' interpretation of Prop 57 to be untenable and a subterfuge to avoid federal review of the State's violation of some federal constitutional right. *See McKinney v. Pfeiffer*, 2017 WL 1078441, *4 (C.D. Cal. Jan. 1, 2017) (dismissing habeas petition and denying COA, court stated, "[T]o the extent petitioner is challenging the superior court's denial of his application to reduce one of his convictions to a misdemeanor pursuant to Proposition 47, such claims are not cognizable on federal habeas review."), *R&R adopted*, 2017 WL 1073340 (C.D. Cal. Mar. 21, 2017) (John Kronstadt, J.), *COA denied*, No. 17-55488 (9th Cir. June 9, 2017).[2]

## ORDER

The petition for a writ of habeas corpus is **DISMISSED**.

---

[2]

*Cf. also Kamana'o v. Frank*, 450 F. App'x 631, 632-33 (**9th Cir.** 2011) ("We decline to grant a COA in this matter because a substantial showing has not been made that the Hawaii Supreme Court's decision [on a matter of state law] was untenable or a subterfuge to avoid applying federal law."); *Blaurock v. Kansas*, No. 16-3356, – F. App'x –, 2017 WL 1454014 (**10th Cir.** Apr. 25, 2017) (denying COA because there was "no room for reasonable jurists to debate that these claims allege state-law violations that are not cognizable grounds for federal habeas relief, and that the Kansas Court of Appeals' decisions were not arbitrary or capricious and so did not violate Mr. Blaurock's constitutional rights."); *Colwell v. McKee*, 2009 WL 125223, *2 (W.D. Mich. Jan. 16, 2009) (denying COA to appeal from dismissal of habeas claim as non-cognizable claim of state-law error).

The Court **DECLINES** to issue a certificate of appealability. Petitioner may seek a COA from the U.S. Court of Appeals for the Ninth Circuit.[3]

Final judgment shall be entered consistent with this Order. As required by Fed. R. Civ. P. 58(a), the judgment will be a separate document.

Dated: August 2, 2017

*Valerie Baker Fairbank*

Honorable Valerie Baker Fairbank
Senior United States District Judge

---

[3] *See* Rule 11(a) of Rules Governing Sec. 2254 Cases in the U.S. District Courts (stating, in pertinent part, "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under [Fed. R. App. P.] 22.");

Fed. R. App. P. 22(b)(1) (providing, in pertinent part, "If the district judge has denied the certificate, the applicant may request a circuit judge to issue it.");

Ninth Cir. R. 22-1(d) ("If the district court denies a COA as to all issues, petitioner may file a motion for a COA in the court of appeals within 35 days of the district court's entry of its order (1) denying a COA in full, or (2) denying a timely filed post-judgment motion, whichever is later. If petitioner does not file a COA motion with the Court of Appeals after the district court denies a COA motion in full, the court of appeals will deem the notice of appeal to constitute a motion for a COA.").